07-639

~AO 241  Page 2 (Rev.12/04)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware |
|---|---|
| Name (under which you were convicted): BRAHEEM POTEAT | Docket or Case No: 0107011363 |
| Place of Confinement: Delaware Correctional Center | Prisoner No.: 376102 |

*Petitioner* (include the name under which you were convicted) *custody of petitioner)*

BRAHEEM POTEAT

v.

*Respondent* (authorized person having

THOMAS L. CARROL

The Attorney General of the State of JOSEPH BIDEN jr.

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Delaware Superior Court   500 N. King st. Wilm,DE 19802

   (b) Criminal docket or case number (if you know): 0107011363

2. (a) Date of the judgment of conviction (if you know): April 4, 2003

   (b) Date of sentencing: April 4, 2003

3. Length of sentence: 3 Years Level V

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Trafficking in cocaine, resisting arrest and possession of cocaine

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty          ☐ (4) Insanity plea



FILED
OCT 16 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

      (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

      (c) If you went to trial, what kind of trial did you have? (Check one)
          ☒ Jury      ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
      ☐ Yes      ☒ No

8. Did you appeal from the judgment of conviction?
      ☒ Yes      ☐ No

9. If you did appeal, answer the following:

    (a) Name of court: **Delaware Supreme Court**

    (b) Docket or case number (if you know): **0107011363**

    (c) Result:: **Affirmed**

    (d) Date of result (if you know): **December 19, 2003**

    (e) Citation to the case (if you know):

    (f) Grounds raised: **My lawyer Andrew J. Witherell filed a rule 26 [c]**

    (g) Did you seek further review by a higher state court?    ☐ Yes      ☒ No

        If yes, answer the following:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Result:

        (4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

  If yes, answer the following:

  (1) Docket or case number (if you know):

  (2) Result:

  (3) Date of result (if you know):

  (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11  If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court: Superior Court

    (2) Docket or case number (if you know): 0107011363

    (3) Date of filing (if you know): 12-06-04

    (4) Nature of the proceeding: Post-coviction relief

    (5) Grounds raised: Ineffecctive assistance of counsel, abuse of discretion

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
    ☐ Yes   ☒ No

    (7) Result: Affirmed

    (8) Date of result (if you know): March 11,2005

~AO 241 (Rev.12/04)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Delaware Supreme Court

(2) Docket or case number (if you know): 0107011363

(3) Date of filing (if you know): March 22, 2007

(4) Nature of the proceeding: Post-conviction relief

(5) Grounds raised: Ineffective assistance of counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: Affirmed

(8) Date of result (if you know): August 14, 2007

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

~AO 241  
Rev.12/04)
Page 6

      (6) Did you receive a hearing where evidence was given on your petition,

         application, or motion?

         ☐ Yes    ☐ No

      (7) Result:

      (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

      (1) First petition:    ☒ Yes    ☐ No

      (2) Second petition:    ☒ Yes    ☐ No

      (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

    **GROUND ONE: Ineffective assistance of counsel**

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The defendant's attorney was ineffective at pre-trial and trial proceedings for failing to file a motion to suppress after being advised to do so.

    (b) If you did not exhaust your state remedies on Ground One, explain why:

(c)   **Direct Appeal of Ground One:**
(1) if you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes ☒ No
(2) if you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel can not be raised on direct appeal.

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes   ☐ No
(2) if your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-conviction

Name and location of the court where the motion or petition was filed: Delaware Superior Court

Docket or case number (if you know): 0107011363

Date of the court's decision: March 11, 2005

Result (attach a copy of the court's opinion or order, if available): Yes

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal   ☒ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 0107011363

Date of the court's decision: August 14, 2007

Result (attach a copy of the court's opinion or order, if available): Yes

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO: Ineffective assistance of counsel**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The defendant's attorney should have objected to him being tried in prison garb

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Ineffective assistance of counsel cannot be raised on direct appeal.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Post-conviction relief

Name and location of the court where the motion or petition was filed: Delaware Superior Court

Docket or case number (if you know): 0107011363

Date of the court's decision: March 11, 2005

Case 1:07-cv-00639-GMS   Document 1   Filed 10/16/2007   Page 8 of 15

--AO 241
(Rev 12/04)

Page 9

Result (attach a copy of the court's opinion or order, if available): Yes

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 0107011363

Date of the court's decision: August 14, 2007

Result (attach a copy of the court's opinion or order, if available): Yes

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

**GROUND THREE:**

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

~AO 241 (Rev.12/04)

Page 10

   (b)    If you did not exhaust your state remedies on Ground Three, explain why?

   (c)    **Direct Appeal of Ground Three:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

        (2) (f you did not raise this issue in your direct appeal, explain why:

   (d)    **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☐ No

        (2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

        (4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

        (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

        (6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue    ☐ Yes   ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

~AO 241 (Rev.12/04)

Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. .Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

~AO 241 (Rev.12/04)    Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:      N/A

    (b) At arraignment and plea:      N/A

    (c) At trial:      Andrew J. Witherell

    (d) At sentencing:      Andrew J. Witherell

    (e) On appeal:      Andrew J. Witherell

    (f) In any post-conviction proceeding:      N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☒ Yes ☐ No
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: Delaware Superior Court
    (b) Give the date the other sentence was imposed: Feb.14, 2003
    (c) Give the length of the other sentence: 15 Years
    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?
    ☒ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in \part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of.

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To reverse and remand this case or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on 10/9/07 (month, date, year).

Executed (signed) on 10/9/07 (date).

*Blahoen Feat*

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]
*****

07-639

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| BRAHEEM POTEAT, | § |
| | § No. 145, 2007 |
| Defendant Below- | § |
| Appellant, | § |
| | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for New Castle County |
| STATE OF DELAWARE, | § Cr. ID No. 0107011363 |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: July 5, 2007
Decided: August 14, 2007

Before **STEELE**, Chief Justice, **HOLLAND** and **JACOBS**, Justices

## ORDER

This 14th day of August 2007, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) The defendant-appellant, Braheem Poteat, filed an appeal from the Superior Court's March 11, 2005 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior



the proceedings would have been different.[4] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[5] The defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal.[6]

(5)   Poteat's first claim is that his attorney improperly failed to move to suppress the cocaine. The record reflects that police officers were on routine patrol when they noticed Poteat and two other men standing on the street corner. One of the officers previously had warned Poteat not to loiter in the area and issued him a ticket. As the officers approached, Poteat attempted to flag down a passing car without success. During a pat-down for weapons, Poteat placed a cup he was holding on the curb. As one of the men sat down on the curb, he knocked the cup over, and several bags of crack cocaine spilled out. Poteat attempted to flee but was subdued by the police and placed under arrest. Under these circumstances, it was reasonable for Poteat's counsel to conclude that a motion to suppress would not be successful because Poteat's behavior led to a reasonable suspicion on the

---

[4] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).
[5] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).
[6] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

his rights.[11] Poteat has failed to demonstrate either cause for relief or prejudice from a violation of his rights. Moreover, he has failed to demonstrate a colorable claim of a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[12] We, therefore, conclude that Poteat's third claim is also without merit.

(8) It is manifest on the face of the opening brief that Poteat's appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_/s/ Randy J. Holland_
Justice

---

[11] Super. Ct. Crim. R. 61(i) (3).
[12] Super. Ct. Crim. R. 61(i) (5).