# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BRAHEEM POTEAT,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Civ.Act.No. 07-639-GMS |
| | ) |
| **PERRY PHELPS**, Warden | ) |
| and **JOSEPH R. BIDEN, III**, Attorney | ) |
| General for the State of Delaware | ) |
| | ) |
| Respondents. | ) |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On April 4, 2003, a Delaware Superior Court jury convicted Braheem Poteat of trafficking in cocaine, resisting arrest and possession of cocaine. *See* Docket Item 37 in Superior Court ID. 0107011363 (hereinafter "Dkt. Item __"). He was sentenced to a mandatory term of three years at level V for trafficking and to one year at level V, suspended for one year at level III, for resisting arrest.[1] *See* Dkt. Item 39. The Delaware Supreme Court affirmed Poteat's convictions and sentences on direct appeal. *See Poteat v. State*, 842 A.2d 647 (Del. 2003). On December 6, 2004, Poteat moved for postconviction relief. (B1-13). The Superior Court subsequently denied Poteat's motion. *See State v. Poteat*, 2005 Del. Super. LEXIS 113 (Del. Super. Ct. March 11, 2005). Poteat appealed and the Delaware Supreme Court affirmed the denial of Poteat's motion

---

[1] The possession of cocaine charge merged into the trafficking conviction and Poteat was not separately sentenced. *See Williams v. State*, 818 A.2d 906, 910 (Del. 2003).

on August 14, 2007. *See Poteat v. State*, 2007 Del. LEXIS 349 (Del. Supr.). Poteat then

filed for federal habeas relief on October 9, 2007. *See* D.I. 1.

Poteat is not entitled to relief because his petition for relief is untimely under 28

U.S.C. § 2244(d). Poteat filed his petition on October 9, 2007,[2] thereby subjecting it to

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See generally*

*Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases

as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1

(D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). By the

terms of § 2244(d)(1), as amended by AEDPA, a federal habeas petitioner must file the

petition within one year of the date on which the state court judgment became final upon

the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*,

523 U.S. 740, 742-43 (1998). Poteat was convicted by a jury on April 4, 2003 and

immediately sentenced. The Delaware Supreme Court affirmed Poteat's convictions and

sentences on December 8, 2003. Accordingly, under the terms of § 2244(d)(1), Poteat

had until December 8, 2004, to file his petition for federal relief. Poteat, however, did

not meet file his petition until October 9, 2007. Accordingly, the petition is untimely and

must be dismissed unless the intervening time can be statutorily or equitably tolled. *See*

*Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

The tolling mechanism of § 2244(d) does not save Poteat's petition from the one-

year limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls

the one-year period of § 2244(d)(1) during the time that a properly filed state

---

[2] The petition is dated October 9, 2007. D.I. 1, at 16. That is the presumptive date on
which Poteat gave the petition to prison officials for mailing. In turn, that date is the date
the petition is deemed filed. *See, e.g., Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D.
Del. 2002).

postconviction action is pending in the state courts. The time between the date when a
petitioner's conviction becomes final and the date of collateral filing as well as the time
after final collateral disposition and before the filing of the federal petition count against
the one-year limitations period. *See Roy v. Lampert*, 455 F.3d 945, 949 (9th Cir. 2006);
*Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325,
327-28 (4th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

In this case, Poteat filed his motion for postconviction relief on December 6,
2004. By that time, 364 days had passed from the date when Poteat's conviction became
"final." The Delaware Supreme Court eventually affirmed the denial of Poteat's motion
for postconviction relief on August 14, 2007. Poteat then did not file for federal habeas
relief until October 9, 2007. By that time, an additional 56 days had passed. In total,
then, 420 days had expired between the date when Poteat's conviction became final for
federal habeas purposes and the date when Poteat actually applied for federal relief.
Poteat thus missed the one-year deadline by 55 days. His petition, therefore, is untimely
and must be dismissed accordingly. *See* 28 U.S.C. § 2244(d)(1).

At the same time, the doctrine of equitable tolling does not save Poteat's petition
from the one-year time bar. While this Court has noted that the limitations period may be
subject to equitable tolling, *see, e.g., Thomas v. Snyder*, 2001 U.S. Dist. LEXIS 19969, at
*10-11 (D. Del. Nov. 28, 2001) (describing rule), Poteat's petition presents no
justification for doing so. Equitable tolling saves an untimely petition only when the
petitioner "has in some extraordinary way been prevented from asserting his or her
rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir.
1998). To this end, equitable tolling has been "specifically limited" to three situations:

"(1) where the defendant (or the court) actively misled the plaintiff; (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or (3) where the plaintiff asserted his rights mistakenly in the wrong forum." *Bacon v. Carroll*, 2007 U.S. Dist. LEXIS 68877, *8-9 (D. Del. Sept. 17, 2007) (*quoting Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)). Poteat offers no justification that would justify equitable tolling of any of the 55 day period.

Alternatively, White's claims, although exhausted, are without merit. Under 28 U.S.C. § 2254(d), a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir. 1999) (*en banc*); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 434 (D. Del. 1998). Here, Poteat's petition presents two grounds for relief. First, Poteat alleges that his attorney was ineffective by "failing to file a motion to suppress after being advised to do so." D.I. 1 at 6. The standard governing this particular claim was recently addressed:

> The clearly established federal law governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington* and its progeny. Under the first *Strickland* prong, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. The second *Strickland* prong requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." A reasonable probability is a "probability sufficient to undermine confidence in the outcome." When, as here, the petitioner premises his ineffective assistance of counsel claims on his counsel's

4

> alleged failure to competently litigate Fourth Amendment
> issues, the petitioner demonstrates actual prejudice by
> proving "the Fourth Amendment claim is meritorious and
> that there is a reasonable probability that the verdict would
> have been different absent the excludable evidence."

*Backus v. Carroll*, 505 F. Supp. 2d 266, 271 (D. Del. 2007) (*quoting Strickland v.*

*Washington*, 466 U.S. 668, 687-96 (1984)) (*citing Wiggins v. Smith*, 539 U.S. 510

(2003)) (*quoting Kimmelman*, 477 U.S. at 375) (internal citations omitted). The

Delaware Supreme Court rejected Poteat's claim because he failed to show that his Fourth

Amendment claim was meritorious. In fact, the Delaware Supreme Court specifically

noted that Poteat's behavior gave rise to "reasonable suspicion . . . that [Poteat] might

have a weapon." *Poteat*, 2007 Del. LEXIS 349, at *3 (citations omitted). Such a finding

is consistent with clearly established federal law. *See, e.g., Terry v. Ohio*, 392 U.S. 1, 10-

11 (1968). Moreover, as the Delaware Supreme Court observed, the drugs that Poteat

sought to suppress "unintentionally ended up in plain view on the street" when one of

Poteat's companions knocked Poteat's cup over. As such, there was no basis for counsel

to move to suppress those drugs. *Cf. Horton v. California*, 496 U.S. 128, 133-34 (1990)

("The "plain view" doctrine is often considered an exception to the general rule that

warrantless searches are presumptively unreasonable, but this characterization overlooks

the important difference between searches and seizures. If an article is already in plain

view, neither its observation nor its seizure would involve any invasion of privacy.")

(*citing Arizona v. Hicks*, 480 U.S. 321, 325 (1987); *Illinois v. Andreas*, 463 U.S. 765,

771 (1983)). Accordingly, this claim should be rejected.

Poteat's second ground for relief claims that counsel "should have objected to

[Poteat] being tried in prison garb." D.I. 1 at 8. The United States Supreme Court has

observed that "the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes." *Estelle v. Williams*, 425 U.S. 501, 512 (1976). Here, the Delaware Supreme Court found, as a matter of fact, that there was no evidence that Poteat was compelled to wear prison garb at his trial. And Poteat offers nothing to rebut that decision; as a result, his federal claim fails. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Poteat's trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be dismissed without further proceedings.

/s/ Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836

DATE: July 14, 2008

LEXSEE



Positive
As of: Jul 11, 2008

## STATE OF DELAWARE, V. BRAHEEM POTEAT, Defendant.

### ID: 0107011363, CR. A. NOS.: IN01-07-2086-R1; 2087-R1; and 2088-R1

### SUPERIOR COURT OF DELAWARE, NEW CASTLE

### 2005 Del. Super. LEXIS 113

### December 20, 2004, Submitted
### March 11, 2005, Decided

**NOTICE:**

[*1]    THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Affirmed by Poteat v. State, 2007 Del. LEXIS 349 (Del., Aug. 14, 2007)

**PRIOR HISTORY:** Poteat v. State, 842 A.2d 647, 2003 Del. LEXIS 613 (Del., 2003)

**DISPOSITION:** Consideration of Defendant's Pro se Motion for Postconviction Relief. SUMMARILY DISMISSED in part and DENIED in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant was convicted of trafficking in cocaine and resisting arrest. Following the denial of his direct appeal, defendant filed a Del. Super. Ct. R. Crim. P. 61 motion for postconviction relief.

**OVERVIEW:** The court found that any claim by defendant that the trial judge abused its discretion by failing to grant a suppression hearing when such a hearing was not requested should have been raised on direct appeal. Defendant's failure to raise the claim on appeal resulted in its summary dismissal under Del. Super. Ct. R. Crim. P. 61(i)(3). Additionally, defendant failed to show ineffective assistance of trial counsel in violation of U.S. Const. amend VI. Trial counsel's decision not to file a motion to suppress evidence was reasonable and within the accept-

able standards for professional performance as an attorney reasonably could have concluded that the court would find that reasonable suspicion existed to stop and pat-down defendant, that probable cause existed to arrest defendant, that defendant had abandoned a cup containing crack cocaine, and that officers properly seized the crack cocaine after detecting it in plain view on a public street. Finally, defendant did not demonstrate that he was compelled to go to trial in prison clothing, nor that he requested counsel to make a motion to allow him to wear civilian clothing during the trial, nor that his request was ignored by counsel.

**OUTCOME:** The motion for postconviction relief was summarily dismissed in part as to the claim that the trial court abused its discretion by failing to grant a suppression hearing; and the motion was denied in part as to the claims of ineffective assistance of counsel.

**CORE TERMS:** postconviction, ineffective assistance of counsel, prison, suppress, clothes, suppressed, arrest, direct appeal, constitutional violation, suppression hearing, crack cocaine, cocaine, wearing, prong, cup, counsel failed, present evidence, claim of ineffective assistance, procedurally barred, sua sponte, fails to meet, presumption of innocence, citations omitted, lesser-included, trafficking, appealable, imperatives, convicted, sentenced, loitering

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Appeals > Frivolous Appeals*

*Legal Ethics > Professional Conduct > Frivolous Claims*
[HN1]See Del. Sup. Ct. R. 26.

*Criminal Law & Procedure > Postconviction Proceedings > General Overview*
*Governments > Courts > Rule Application & Interpretation*
[HN2]Before addressing the merits of any postconviction relief claim, a court first must determine whether the claims pass through the procedural filters of Del. Super. Ct. R. Crim. P. 61. To protect the integrity of the procedural rules, a court will not address the substantive aspects of the claims if the defendant's claims are procedurally barred. Del. Super. Ct. R. Crim. P. 61(i) imposes four procedural imperatives: (1) the motion must be filed within three years of a final order of conviction; (2) any basis for relief must have been asserted previously in any prior postconviction proceeding; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules; and (4) any basis for relief must not have been formerly adjudicated in any proceeding. Under Del. Super. Ct. R. Crim. P. 61(i)(5), a defendant may avoid the first three of these procedural imperatives if the claim is jurisdictional or is a colorable claim that there was a miscarriage of justice because of a constitutional violation. Del. Super. Ct. R. Crim. P. 61(d)(4) further provides that any claim may be summarily dismissed if it plainly appears from the motion for postconviction relief and the record of prior postconviction proceedings in the case that the movant is not entitled to relief.

*Criminal Law & Procedure > Pretrial Motions & Procedures > Suppression of Evidence*
*Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > Evidence*
[HN3]A court will not convene a suppression hearing sua sponte. A request to suppress evidence must be made in accordance with Del. Super. Ct. R. Crim. P. 41.

*Criminal Law & Procedure > Counsel > Effective Assistance > General Overview*
*Criminal Law & Procedure > Postconviction Proceedings > General Overview*
*Legal Ethics > Client Relations > Effective Representation*
[HN4]When a defendant raises a colorable claim of ineffective assistance of counsel, the procedural bars of Del. Super. Ct. R. Crim. P. 61(i) are inapplicable because there may be a constitutional violation that undermined

the fundamental legality, reliability, integrity, or fairness of the proceeding.

*Criminal Law & Procedure > Counsel > Effective Assistance > Tests*
*Criminal Law & Procedure > Trials > Burdens of Proof > Prosecution*
[HN5]To succeed on an ineffective assistance of counsel claim, the United States Supreme Court holds that a defendant must show both: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. There is a strong presumption that the legal representation was professionally reasonable. And the failure to prove either the cause or the prejudice prong will render the claim unsuccessful. In such instances, the court need not address the other prong. Initially, the accused bears the burden of showing that counsel's inadequacy affected the outcome of the trial. If this is shown, the burden shifts to the State of Delaware to demonstrate that the outcome was not tainted. If the accused fails to meet his initial burden, the claim fails.

*Criminal Law & Procedure > Trials > Defendant's Rights > Right to Fair Trial*
[HN6]The United States Supreme Court has held that a state cannot compel an accused to stand trial before a jury while dressed in identifiable prison clothes.

**JUDGES:** Judge Joseph R. Slights, III.

**OPINION BY:** Joseph R. Slights, III

**OPINION**

**ORDER**

This 11th day of March, 2005, upon consideration of the Motion for Postconviction Relief brought by Defendant, Braheem Poteat, it appears to the Court that:

1. Mr. Poteat was convicted by a jury of Trafficking in Cocaine and Resisting Arrest. [1] He was sentenced to four years incarceration at Level 5, to be suspended after serving three years for the balance to be served on probation. Mr. Poteat filed an appeal to the Supreme Court of Delaware. Mr. Poteat's counsel on appeal filed a motion to withdraw pursuant to Delaware Supreme Court Rule 26(c) claiming that, based upon a complete and careful examination of the record, there were no arguably appealable issues. [2] The Supreme Court found that Mr. Poteat's appeal was "wholly without merit and devoid of

any arguably appealable issue" and affirmed the conviction and sentence. [3] Mr. Poteat now brings his first motion for postconviction [*2] relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61"). [4]

> 1   Mr. Poteat was also convicted of Possession of Cocaine, a lesser-included offense of Possession with Intent to Deliver Cocaine. Because the possession conviction merged into the trafficking conviction, Mr. Poteat was not separately sentenced for possession. *Williams v. State*, 818 A.2d 906, 910 (Del. 2003). He was also found not guilty of Loitering.
> 2      DEL.    SUPR.    CT.    R.    26 (2004)([HN1]"Appeals without merit. If the trial attorney, after a conscientious examination of the record and the law, concludes that an appeal is wholly without merit, the attorneys may file a motion to withdraw.").
> 3   D.I. 49
> 4   DEL. SUPER. CT. CRIM. R. 61 (2004).

2. Mr. Poteat raises three grounds for postconviction relief. First, he contends that the trial judge abused his discretion by allowing the State to present evidence which, in his opinion, should have been suppressed. Mr. Poteat's remaining two grounds for relief allege ineffective [*3] assistance of counsel. He first argues that counsel failed to file a motion to suppress the physical evidence obtained by police. He next argues that counsel failed to object to Mr. Poteat wearing his prison clothes during the trial.

3. [HN2]Before addressing the merits of any postconviction relief claim, the Court first must determine whether the claims pass through the procedural filters of Rule 61. [5] To protect the integrity of the procedural rules, the Court will not address the substantive aspects of the claims if Defendant's claims are procedurally barred. [6] Rule 61(i) imposes four procedural imperatives: 1) the motion must be filed within three years of a final order of conviction; 2) any basis for relief must have been asserted previously in any prior postconviction proceeding; 3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules; and 4) any basis for relief must not have been formerly adjudicated in any proceeding. Under Rule 61(i)(5), a defendant may avoid the first three of these procedural imperatives if the claim is jurisdictional or is a "colorable claim that there was a miscarriage of justice because of a constitutional [*4] violation." Rule 61(d)(4) further provides that any claim may be summarily dismissed if "it plainly appears from the motion for postconviction relief and the record of prior postconviction proceedings in the case that the movant is not entitled to relief. . . ."

> 5   *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)("It is well-settled that the Superior Court and this Court must address the procedural requirements of Rule 61 before considering the merits of this motion.").
> 6   *Id.*

## A. The Abuse of Discretion Claim

4. Mr. Poteat first contends that the trial judge abused his discretion by allowing the State to present evidence which should have been suppressed. He further claims that the trial judge *sua sponte* should have granted him a suppression hearing. As an initial matter, the Court is compelled to observe that Mr. Poteat fails to address how the trial judge could abuse his discretion by allowing evidence that Mr. Poteat alleges should have been suppressed when Mr. Poteat did [*5] not file a suppression motion or otherwise object to the admission of the evidence. [HN3]The Court will not convene a suppression hearing *sua sponte*. A request to suppress evidence must be made in accordance with Delaware Superior Court Criminal Rule 41. [7] Additionally, Mr. Poteat has failed to show that, absent a clear constitutional violation, the Court can abuse its discretion by failing to grant a defendant a suppression hearing when such a hearing has not been requested. [8] Nevertheless, even assuming *arguendo* that Mr. Poteat has articulated a basis for relief with these allegations, the Court finds that his claim is procedurally barred. Mr. Poteat filed an appeal, and the conviction and sentence was affirmed by the Supreme Court of Delaware. [9] Any claim alleging abuse of discretion by the trial judge should have been raised on direct appeal. As such, Mr. Poteat's failure to raise this claim on appeal must result in its Summary Dismissal under Rule 61(i)(3). [10]

> 7   *See* DEL. SUPER. CT. CRIM. R. 41 (2004).
> 8   *See Jackson v. State*, 600 A.2d 21, 23 (Del. 1991)("Claims of error implicating basic constitutional rights of a defendant have been accorded review by [the Delaware Supreme] Court notwithstanding their non-assertion at trial.").

[*6]

> 9   D.I. 49.
> 10   The Court notes that Mr. Poteat was given every opportunity to raise issues on appeal under the procedure outlined in Supreme Court Rule 26. He declined to do so.

## B. The Ineffective Assistance of Counsel Claims

5. Mr. Poteat's remaining claims for postconviction relief are based on alleged ineffective assistance of counsel. He first argues that counsel failed to file a motion to suppress the physical evidence obtained by police. He

next argues that counsel failed to object to him wearing his prison clothes during the trial.

6. [HN4]When a defendant raises a colorable claim of ineffective assistance of counsel, the procedural bars of Rule 61(i) are inapplicable because there may be "a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceeding." [11] In order [HN5]to succeed on an ineffective assistance of counsel claim, the United States Supreme Court held in *Strickland v. Washington*, that a defendant must show both: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) [*7] "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [12] There is a strong presumption that the legal representation was professionally reasonable. [13] And the failure to prove either the cause or the prejudice prong will render the claim unsuccessful. [14] In such instances, the court need not address the other prong. [15] Initially, the accused bears the burden of showing that counsel's inadequacy affected the outcome of the trial. [16] If this is shown, the burden shifts to the State to demonstrate that the outcome was not tainted. [17] If the accused fails to meet his initial burden, the claim fails.

> 11 *See* Rule 61(i)(5). *See also State v. St. Louis*, 2004 WL 2153645, at *3 (Del. Super.)("Since the Supreme Court generally will not hear a claim for ineffective assistance of counsel on direct appeal, the procedural default rules do not bar those assertions of errors premised on ineffective assistance of counsel.").
>
> 12 *Strickland v. Washington*, 466 U.S. 668, 688, 694, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

[*8]

> 13 *Flamer v. State*, 585 A.2d 736, 753-54 (Del. 1990)(citations omitted).
>
> 14 *Strickland*, 466 U.S. at 697.
>
> 15 *Id.*
>
> 16 *Stevenson v. State*, 469 A.2d 797, 799 (Del. 1983)(citations omitted).
>
> 17 *Id.*

7. Mr. Poteat argues that his counsel was ineffective because he failed to file a motion to suppress the physical evidence obtained by police at Mr. Poteat's request. He alleges that the stop, pat-down, arrest, and subsequent seizure of evidence by police violated his Fourth Amendment rights and that the evidence should have been suppressed. In this case, officers were on routine patrol when they noticed Mr. Poteat and two other men standing on the street corner. One of the officers had previously warned Mr. Poteat not to loiter in the area and decided to issue him a ticket. As the officers approached Mr. Poteat, he attempted to flag down a passing car

without success. Mr. Poteat then placed a cup that he was holding on the curb. As the officers patted down the men for weapons, one of the men sat down on the curb and knocked [*9] over the cup and several bags of crack cocaine spilled out. Mr. Poteat attempted to flee but was subdued and placed under arrest. [18]

> 18 D.I. 49.

8. In evaluating the facts and circumstances of this case, the Court is satisfied that an attorney reasonably could conclude that the Court would find that reasonable suspicion existed to stop and pat-down Mr. Poteat, that probable cause existed to arrest Mr. Poteat, that Mr. Poteat had abandoned the cup containing the crack cocaine, and that the officers properly seized the crack cocaine after detecting it in plain view on a public street. [19] Thus, defense counsel's decision not to file a motion to suppress was reasonable and within the acceptable standards for professional performance set by *Strickland*. [20] Mr. Poteat's first ineffective assistance of counsel claim is denied.

> 19 *See State v. Brooks*, 2002 WL 31814820, at *5 (Del. Super.)("The concept of abandonment, in the search context, focuses on whether the defendant has forfeited or relinquished his expectation of privacy in the dwelling, vehicle or item to be searched."); *State v. Dixon*, 2001 WL 209907, at *4 (Del. Super.)("When determining whether property has been abandoned in the context of search and seizure analysis, the Court must administer an objective test: did the words and acts of [the defendant] show relinquishment of privacy. . . .").

[*10]

> 20 *Strickland*, 466 U.S. at 687 ("Counsel must have made an error so serious as to fail to meet the Sixth Amendment guarantee of counsel' and thereby deprived the defendant of a fair trial.").

9. Mr. Poteat's final ineffective assistance of counsel claim is based upon counsel's purported failure to object to Mr. Poteat wearing his prison clothes during the trial. In support of this claim, Mr. Poteat relies upon *Estelle v. Williams*. [21] In *Estelle*, [HN6]the United States Supreme Court held that the State cannot compel an accused to stand trial before a jury while dressed in identifiable prison clothes. [22] The record in this case, however, does not demonstrate that Mr. Poteat was compelled by the State to go to trial in prison clothing. Nor has Mr. Poteat shown that he requested counsel to make an accused in order to allow him to wear civilian clothing during the trial, or that his request was ignored. Moreover, Mr. Poteat's claim falls short on the prejudice prong of *Strickland*. Specifically, he has not demonstrated that his

appearance in prison clothes tainted the jury [*11] so that the presumption of innocence was impaired. Indeed, the jury's not guilty verdict on the loitering charge, and finding of guilt on a lesser-included offense, suggest that Mr. Poteat's jury honored its oath to follow the law, including the presumption of innocence and the applicable burden of proof. Mr. Poteat's second claim of ineffective assistance of counsel is denied.

21    425 U.S. 501, 48 L. Ed. 2d 126, 96 S. Ct. 1691 (1976).

22    _Id._ at 512.

10. Based on the foregoing, Mr. Poteat's Motion for Postconviction Relief is **SUMMARILY DISMISSED** in part and **DENIED** in part.

**IT IS SO ORDERED**

Judge Joseph R. Slights, III

LEXSEE



Analysis
As of: Jul 11, 2008

BRAHEEM POTEAT, Defendant Below-Appellant, v. STATE OF DELAWARE,
Plaintiff Below-Appellee.

No. 145, 2007

SUPREME COURT OF DELAWARE

2007 Del. LEXIS 349

July 5, 2007, Submitted
August 14, 2007, Decided

**NOTICE:**

THIS OPINION HAS NOT BEEN RELEASED
FOR PUBLICATION IN THE PERMANENT LAW
REPORTS. UNTIL RELEASED, IT IS SUBJECT TO
REVISION OR WITHDRAWAL.

**PRIOR HISTORY:** [*1]
Court Below--Superior Court of the State of Delaware
in and for New Castle County. Cr. ID No. 0107011363.
State v. Poteat, 2005 Del. Super. LEXIS 113 (Del. Super.
Ct., Mar. 11, 2005)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant appealed a
judgment by the Superior Court of the State of Delaware
in and for New Castle County that denied his Del. Super.
Ct. R. Crim. P. 61 motion for postconviction relief; the
State moved to affirm the judgment.

**OVERVIEW:** Police officers on routine patrol noticed
defendant and two other men standing on a street corner.
One of the officers previously had warned defendant not
to loiter in the area and issued him a ticket. As the offi-
cers approached, defendant attempted to flag down a
passing car without success. During a pat-down for
weapons, defendant placed a cup he was holding on the
curb. As one of the men sat down on the curb, he
knocked the cup over, and several bags of crack cocaine
spilled out. The appellate court found that under the cir-
cumstances, it was reasonable for defendant's counsel to
conclude that a motion to suppress would not be success-

ful. Because defendant was not compelled to appear at
trial in prison clothing, there was no evidence of preju-
dice. Consequently, the trial court did not abuse its dis-
cretion when it denied defendant's Rule 61 motion for
postconviction relief.

**OUTCOME:** The State's motion to affirm was granted,
and the judgment was affirmed.

**CORE TERMS:** cocaine, suppress, prison, opening
brief, sentenced, clothing, postconviction, manifest, re-
sisting arrest, direct appeal, counsel provided, ineffective
assistance, failing to file, sua sponte, failed to demon-
strate, constitutional violation, trafficking, ineffective,
wearing, abused, street, weapon, curb, cup

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Counsel > Effective As-
sistance > Tests*
[HN1]In order to prevail on a claim of ineffective assis-
tance of counsel, a defendant must demonstrate that his
counsel's representation fell below an objective standard
of reasonableness and that, but for his counsel's unpro-
fessional errors, there is a reasonable probability that the
outcome of the proceedings would have been different.

*Criminal Law & Procedure > Counsel > Effective As-
sistance > Tests*
*Evidence > Inferences & Presumptions > Presumptions*

[HN2]Although not insurmountable, the Strickland standard is highly demanding and leads to a strong presumption that the representation was professionally reasonable. A defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal.

*Criminal Law & Procedure > Trials > Defendant's Rights > Right to Due Process*
*Criminal Law & Procedure > Trials > Defendant's Rights > Right to Fair Trial*
[HN3]A state may not compel a criminal defendant to appear at trial wearing prison clothing. Without the element of compulsion, there is no constitutional violation.

**JUDGES:** Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

**OPINION BY:** Randy J. Holland

**OPINION**

**ORDER**

This 14th day of August 2007, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) The defendant-appellant, Braheem Poteat, filed an appeal from the Superior Court's March 11, 2005 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. [1] We agree and affirm.

1 Supr. Ct. R. 25(a).

(2) In April 2003, Poteat was found guilty by a Superior Court jury of Trafficking in Cocaine, Resisting Arrest, and Possession of Cocaine. On the trafficking conviction, he was sentenced to three years at Level V and, on the resisting arrest conviction, he was sentenced to one year at Level V, suspended for one year at Level III. [2] This Court affirmed Poteat's convictions and sentences on [*2] direct appeal. [3]

2 Poteat was not separately sentenced on the possession conviction.
3 *Poteat v. State,* 842 A.2d 647 (Del. 2003).

(3) In this appeal, Poteat claims that a) his counsel provided ineffective assistance by failing to file a motion to suppress the cocaine; b) his counsel provided ineffec-

tive assistance by failing to file a motion to have him appear at trial in civilian, rather than prison, clothing; and c) the Superior Court abused its discretion by failing to sua sponte suppress the cocaine evidence.

(4) [HN1]In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different. [4] [HN2]Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." [5] The defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal. [6]

4 *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).
5 *Flamer v. State,* 585 A.2d 736, 753 (Del. 1990).
6 *Younger v. State,* 580 A.2d 552, 556 (Del. 1990).

(5) [*3] Poteat's first claim is that his attorney improperly failed to move to suppress the cocaine. The record reflects that police officers were on routine patrol when they noticed Poteat and two other men standing on the street corner. One of the officers previously had warned Poteat not to loiter in the area and issued him a ticket. As the officers approached, Poteat attempted to flag down a passing car without success. During a patdown for weapons, Poteat placed a cup he was holding on the curb. As one of the men sat down on the curb, he knocked the cup over, and several bags of crack cocaine spilled out. Poteat attempted to flee but was subdued by the police and placed under arrest. Under these circumstances, it was reasonable for Poteat's counsel to conclude that a motion to suppress would not be successful because Poteat's behavior led to a reasonable suspicion on the part of the police that he might have a weapon [7] and the cocaine unintentionally ended up in plain view on a public street. [8] We, therefore, conclude that Poteat's first claim is without merit.

7 *Woody v. State,* 765 A.2d 1257, 1262-63 (Del. 2001).
8 *Williamson v. State,* 707 A.2d 350, 358 (Del. 1998).

(6) Poteat's second claim [*4] is that his counsel failed to object to his wearing a prison uniform during the trial. The United States Supreme Court has ruled that [HN3]a State may not compel a criminal defendant to appear at trial wearing prison clothing. [9] Without the element of compulsion, there is no constitutional viola-

tion. [10] The record in this case does not reflect that Poteat was compelled to appear at trial in prison clothing. Moreover, the jury found Poteat not guilty of one of the charges against him and found him guilty of a lesser-included charge. Under these circumstances, there is no evidence of prejudice. We, therefore, conclude that Poteat's second claim is without merit.

> 9   *Estelle v. Williams,* 425 U.S. 501, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976).
> 10  *Id.* at 512.

(7) Poteat's third claim is that the Superior Court abused its discretion when it failed to sua sponte suppress the cocaine evidence. Because Poteat did not raise that issue in his direct appeal, he is foreclosed from doing so in this postconviction proceeding unless he can demonstrate cause for relief from the procedural default and prejudice from a violation of his rights. [11] Poteat has failed to demonstrate either cause for relief or prejudice from a violation of his rights. [*5] Moreover, he has failed to demonstrate a colorable claim of a miscarriage of justice because of a constitutional violation that un-

dermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction. [12] We, therefore, conclude that Poteat's third claim is also without merit.

> 11  Super. Ct. Crim. R. 61(i) (3).
> 12  Super. Ct. Crim. R. 61(i) (5).

(8) It is manifest on the face of the opening brief that Poteat's appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland

Justice

LEXSEE



Positive
As of: Jul 11, 2008

KEVIN A. THOMAS, Petitioner, v. ROBERT W. SNYDER, Warden, and
ATTORNEY GENERAL OF THE STATE OF DELAWARE, Respondents.

Civil Action No. 98-597-GMS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2001 U.S. Dist. LEXIS 19969

November 28, 2001, Decided

**DISPOSITION:**     [*1] Thomas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 DISMISSED, and relief requested therein DENIED. Thomas' letter dated April 16, 2000, requesting appointment of counsel, construed as a motion for appointment of counsel, and so construed, DENIED as moot.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Petitioner was convicted of first degree murder and possession of a deadly weapon during the commission of a felony in state court and was sentenced to life imprisonment. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.S. § 2254. Respondent State officials moved to dismiss the petition as time-barred.

**OVERVIEW:** Petitioner's claim for federal habeas relief was subject to the time limitation set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because his conviction became final well before the AEDPA's enactment. Following the enactment of the AEDPA, 510 days lapsed during which petitioner had no post-conviction proceedings pending for purposes of 28 U.S.C.S. § 2244(d)(2). That period of time, well in excess of one year, was to be counted. Thus, the court concluded that while the statutory tolling provision applied to certain portions of time since the enactment of the AEDPA, it did not render the habeas petition timely filed. Moreover, the court did not discern any extraordinary circumstance that warranted applying the doctrine of equitable tolling given that petitioner had failed to offer any explanation for the delay in filing the habeas

petition. Petitioner's letter, which the court construed as a motion for appointment of counsel, was denied as moot given the determination to dismiss the petition as untimely. Finally, the court declined to issue a certificate of appealability.

**OUTCOME:** The petition for a writ of habeas corpus was dismissed.

**CORE TERMS:** period of limitation, habeas petitions, post-conviction, period of time, tolling, tolled, constitutional right, equitable tolling, appointment of counsel, appealability, certificate, counted, prison, habeas corpus, limitation period, direct review, properly filed, untimely, summarily, convictions became final, state prisoners, expiration, convicted, sentence, mailing, concede, murder, weapon, unfair, jurist

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Antiterrorism & Effective Death Penalty Act*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN1]In the Antiterrorism and Effective Death Penalty Act of 1996, Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of 28 U.S.C.S. § 2254 habeas petitions by state prisoners.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Accrual Period*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN2]See 28 U.S.C.S. § 2244(d)(1)(A).

*Criminal Law & Procedure > Habeas Corpus > Review > Antiterrorism & Effective Death Penalty Act*
*Governments > Legislation > Effect & Operation > Retrospective Operation*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN3]In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 were allowed to file their 28 U.S.C.S. § 2254 petitions no later than April 23, 1997.

*Civil Procedure > U.S. Supreme Court Review > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > General Overview*
[HN4]A defendant is allowed 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court after his judgment of conviction in state court becomes final. Sup. Ct. R. 13. When a defendant does not file a petition with the United States Supreme Court, the 90-day period in which he could have filed such a petition is encompassed within the meaning of the conclusion of direct review or the expiration of the time for seeking such review, as set forth in 28 U.S.C.S. § 2244(d)(1)(A).

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Equitable Tolling*
*Governments > Legislation > Statutes of Limitations > General Overview*
[HN5] 28 U.S.C.S. § 2244(d)'s period of limitation may be either statutorily or equitably tolled.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > General Overview*

[HN6]See 28 U.S.C.S. § 2244(d)(2).

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
[HN7]Only a "properly filed application" for post-conviction review tolls the one-year period under 28 U.S.C.S. § 2244(d)(2).

*Criminal Law & Procedure > Habeas Corpus > Procedural Default > General Overview*
[HN8]Under Del. Super. Ct. R. Crim. P. 61, any ground for relief that was not asserted in a prior postconviction proceeding is thereafter barred. Del. Super. Ct. R. Crim. P. 61(i)(2). This procedural bar, however, is inapplicable where a motion raises a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction. Del. Super. Ct. R. Crim. P. 61(i)(5).

*Civil Procedure > U.S. Supreme Court Review > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN9]On direct review, the 90-day period set forth in Sup. Ct. R. 13 is excluded from the one-year period of limitation of 28 U.S.C.S. § 2244(d)(1). In postconviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does not toll the one-year period, and the 90-day period is counted.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Equitable Tolling*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN10]In the context of a federal habeas proceeding, the doctrine of equitable tolling applies only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient. In other words, equitable tolling

may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.

*Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Assistance of Counsel*
*Criminal Law & Procedure > Counsel > Right to Counsel > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Appointment of Counsel*
[HN11]The Sixth Amendment right to counsel does not extend to habeas proceedings.

*Criminal Law & Procedure > Habeas Corpus > Appeals > Certificate of Appealability*
*Criminal Law & Procedure > Habeas Corpus > Cognizable Issues > Threshold Requirements*
[HN12]The court may issue a certificate of appealability only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C.S. § 2253(c)(2).

*Criminal Law & Procedure > Habeas Corpus > Appeals > Certificate of Appealability*
[HN13]When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, to obtain a certificate of appealability the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

**COUNSEL:** KEVIN A. THOMAS, petitioner, Pro se, Smyrna, DE.

For ROBERT W. SNYDER, ATTORNEY GENERAL OF THE STATE OF DELAWARE, respondents: Thomas E. Brown, Department of Justice, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Gregory M. Sleet

**OPINION**

**MEMORANDUM AND ORDER**

Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware, where he is serving a sentence of life imprisonment. Thomas has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Thomas' petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d).

**I. BACKGROUND**

On June 28, 1993, following [*2] a jury trial in the Delaware Superior Court, Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. The evidence at trial demonstrated that on September 13, 1992, Thomas shot David Turner in the face and killed him. Thomas was seventeen years old at the time. He was sentenced to life in prison without parole on the murder conviction and to a consecutive sentence of five years in prison on the weapons conviction. The Delaware Supreme Court affirmed Thomas' conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a motion for post-conviction relief pursuant to Rule 61 of the Delaware Superior Court Criminal Rules. The trial court summarily dismissed Thomas' Rule 61 motion on December 23, 1996. Thomas appealed to the Delaware Supreme Court. His subsequent motion to withdraw the appeal was granted on March 11, 1997. Thomas filed a second Rule 61 motion for post-conviction relief on March 27, 1997, which was summarily dismissed on May 9, 1997. Again, Thomas appealed to the Delaware Supreme Court. The Court affirmed the order of dismissal on November 24, 1997.

Thomas has now filed [*3] with this court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition Thomas articulates four separate grounds for relief: (1) The searches of his residence and car were in violation of the Fourth Amendment, and all evidence seized from these searches should have been suppressed; (2) The trial court erred in admitting identification testimony that was the result of an impermissibly suggestive photographic identification procedure; (3) The trial court violated his constitutional right to due process by giving a supplemental jury instruction pursuant to *Allen v. United States*, 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154 (1896); and (4) His constitutional rights were violated when police questioned him without a parent or legal guardian present.

The respondents argue that the petition is subject to a one-year period of limitation that expired before Thomas filed it. Thus, they request that the court dismiss the petition as time barred.

## II. DISCUSSION

### A. One-Year Period of Limitation

[HN1]In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute [*4] by prescribing a one-year period of limitation for the filing of § 2254 habeas petitions by state prisoners. *Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 541 (3d Cir. 2001).* Effective April 24, 1996, the AEDPA provides:

> [HN2](1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

28 U.S.C. § 2244(d)(1). [HN3]In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. *See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998)*(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He [*5] was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. [HN4]Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13. Although Thomas did not file a petition with the United

States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999)*(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns, 134 F.3d at 111.*

Ascertaining the precise date [*6] Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. *Id. at 113.* Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could have delivered it to prison officials for mailing.

Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because [HN5]§ 2244(d)'s period of limitation may be either statutorily or equitably tolled. [*7] *See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).*

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:

> [HN6]The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 23, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the one-year period of limitation. [1]

> 1    The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See* *Swartz v. Meyers*, 204 F.3d 417, 420 (3d Cir. 2000).

[*8] Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation. [2] Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period. [3]

> 2    [HN7]Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. [HN8]Under Rule 61, "any ground for relief that was not asserted in a prior postconviction proceeding . . . is thereafter barred." Super. Ct. R. Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." *Id.*, Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

[*9]

> 3    Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See* Supreme Court Rule 13. [HN9]As explained above, on di-

rect review that ninety-day period is excluded from the one-year period of limitation. *See* *Kapral*, 166 F.3d at 576. In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does *not* toll the one-year period, and the ninety-day period is counted. *Stokes*, 247 F.3d at 543.

Nonetheless, since the date of the enactment of AEDPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25, 1997, through [*10] August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

## C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Jones, 195 F.3d at 159*; *Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998)*. [HN10]The doctrine of equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she [*11] exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller*, 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely as-

serted his rights mistakenly in the wrong forum." *Jones, 195 F.3d at 159, quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).*

In the instant case, Thomas argues that the AEDPA's one-year period of limitation is at odds with the three-year period allowed for filing a Rule 61 motion for post-conviction relief. He contends that because Delaware allows three years in which to file a Rule 61 motion, and petitioners are required to exhaust state remedies before filing habeas petitions in federal court, it is unfair to apply the AEDPA's one-year period of limitation, rather than Delaware's three-year period.

Although Thomas is correct that Delaware generally allows three years in which to file a Rule 61 motion, [*12] *see* Super. Ct. R. Crim. P., Rule 61(i)(1), the court is unimpressed by his equitable tolling argument. As explained above, the court has applied § 2244(d)(2)'s tolling provision to exclude the periods of time during which his two post-conviction proceedings were pending before the state courts. These periods of time do not count against Thomas. There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitation to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.

More important, Thomas has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. Indeed, he has failed to offer *any* explanation for the delay. He has not provided the court with any reason why, after the AEDPA was enacted, he waited until December 18, 1996, to file his first Rule 61 motion. He has not explained why, after his second Rule 61 proceedings were completed on November 24, 1997, he waited until August 10, 1998, to file his habeas petition with this court.

In short, the [*13] court cannot discern any extraordinary circumstances that warrant applying the doctrine of equitable tolling. Thomas' habeas petition will be dismissed as untimely.

### D. Motion for Appointment of Counsel

In a letter to the court dated April 16, 2000, Thomas inquired respecting appointment of counsel in this matter. The court construes this letter as a motion for appointment of counsel. [HN11]The Sixth Amendment right to counsel does not extend to habeas proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n.5 (3d Cir. 1999). Additionally, the court has determined that Thomas' habeas petition will be dismissed as untimely. Accordingly,

Thomas' letter dated April 16, 2000, construed as a motion for appointment of counsel, will be denied as moot.

### III. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. [HN12]The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional [*14] right." 28 U.S.C. § 2253(c)(2).

[HN13]When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability [*15] will not issue.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

> 1. Thomas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.
>
> 2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.
>
> 3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

2001 U.S. Dist. LEXIS 19969, *

Dated: November 28, 2001                    UNITED STATES DISTRICT JUDGE

Gregory M. Sleet

LEXSEE



Analysis
As of: Jul 11, 2008

**DEVEARL L. BACON, Petitioner, v. THOMAS CARROLL, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, Respondents.** [1]

> 1 Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

**Civil Action No. 06-519-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2007 U.S. Dist. LEXIS 68877**

**September 17, 2007, Decided**

**PRIOR HISTORY:** Bacon v. Delaware, 127 S. Ct. 591, 166 L. Ed. 2d 439, 2006 U.S. LEXIS 8706 (U.S., 2006)

**CORE TERMS:** limitations period, equitable tolling, habeas petitions, appealability, time-barred, certificate, trial transcripts, direct appeal, period of limitations, ineffective, asserting, diligence, robbery, tolling, toll, liquor store, counts of possession, ineffective assistance, equitably tolled, expiration, debatable, sentence, prisoner, joinder, trigger, prison, jurists, attempted robbery, deadly weapon, conviction became final

**COUNSEL:** [*1] Devearl L. Bacon, Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

**JUDGES:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan, Jr.

**OPINION**

*MEMORANDUM OPINION*

*September 17, 2007*

*Wilmington, Delaware*

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Devearl L. Bacon ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was indicted for numerous crimes stemming from three robberies (one seven-eleven store, a liquor store, and an automobile) and one attempted robbery of a liquor store. The State *nolle prossed* the charges related to one of the robberies. After a three day trial in June 2001, a Delaware Superior Court jury returned guilty verdicts on the charges related to the two remaining robberies, and verdicts of not guilty on the charges related to the attempted robbery. Petitioner was convicted of fourteen offenses, [*2] including five counts of first degree robbery, two counts of possession of a firearm during the commission of a felony, one count of first degree carjacking, two counts of possession of a deadly weapon by a person prohibited, two counts of aggravated menacing, and two counts of wearing a disguise during the commission of a felony. *See State v. Bacon, 2005 Del. Super. LEXIS 343, 2005 WL 2303810,at \*1 (Del. Super. Ct. Aug. 29, 2005)*. The Su-

perior Court sentenced Petitioner to thirty-four years of imprisonment followed by twelve years of probation. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *Bacon v. State,* 801 A.2d 10, 2002 WL 1472287 (Del. July 1, 2002).

In September 2004, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging six claims of ineffective assistance of counsel. The Superior Court denied the motion in August 2005, and the Delaware Supreme Court affirmed that decision in June 2006. *Bacon,* 2005 Del. Super. LEXIS 343, 2005 WL 2303810; *Bacon v. State,* 2006 Del. LEXIS 334, 2006 WL 1725589(Del. June 21, 2006).

In August 2006, Petitioner filed an application for federal habeas relief asserting six grounds for relief: (1) the trial court [*3] erred by permitting the joinder of three counts of possession of a deadly weapon by a person prohibited, and defense counsel was ineffective for failing to move for severance, to object to the joinder at trial, or to raise the issue on direct appeal; (2) the trial court erred by allowing charges relating to four separate locations to be tried together, and defense counsel was ineffective for failing to move for severance of the charges, to object to the joinder at trial, or to raise the issue on direct appeal; (3) defense counsel provided ineffective assistance by failing to object to the admission of prior bad acts evidence; (4) the in-court identification of Petitioner by one of the liquor store clerks violated Petitioner's right to a fair trial because there was no independent origin for the identification, and defense counsel was ineffective for failing to raise the issue on direct appeal; (5) counsel provided ineffective assistance by failing to object to an amendment to the indictment before trial; and (6) the prosecutor failed to disclose the videotape of Petitioner's statement to the police, and defense counsel failed to raise this issue at trial on or on direct appeal. (D.I. [*4] 3.) Respondents filed an Answer asserting that the Court should dismiss the Petition as untimely or, alternatively, because the claims fail to warrant relief under § 2254(d)(1). (D.I. 17.) Petitioner filed a Reply to the Answer, arguing that the Petition is not time-barred because he believed the Superior Court stayed the federal one-year limitations period in February 2003. (D.I. 25.)

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy,* 521 U.S.

320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from [*5] filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh,* 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In the instant case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on July 1, 2002, and Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Petitioner's conviction became final for the purposes of § 2244(d)(1) on September 30, 2002, [2] and he had until September 30, 2003 to file a timely habeas petition. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); [*6] *Wilson v. Beard,* 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, did not file the Petition until August 16, 2006, [3] approximately three years after the AEDPA's statute of limitations expired in 2003. Thus, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

2    The ninety-day period to file a petition for a writ of certiorari actually expired on September 29, 2002, but because that day was a Sunday, Petitioner had until Monday, September 30, 2002, to file a petition for a writ of certiorari. *See* Sup. Ct. R. 30(1).

3    A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See* Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, August 16, 2006, as the filing date, [*7] because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. *See* Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

## B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In this case, the Court concludes that the statutory tolling principles are inapplicable. Petitioner's Rule 61 motion, filed on September 17, 2004, does not toll the limitations period because it was filed more than a year after the expiration of AEDPA's limitations period. *See* Price v. Taylor, 2002 U.S. Dist. LEXIS 17911, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). Additionally, contrary to Petitioner's argument, the combined motion for transcripts and for [*8] a stay of the AEDPA's one-year limitations period that he filed in the Superior Court on February 23, 2003 does not toll the limitations period under § 2244(d)(2) because the motion did not challenge the lawfulness of Petitioner's conviction or sentence. Hartmann v. Carroll, 492 F.3d 478, 2007 WL 1967172, (3d Cir. 2007). Therefore, unless the doctrine of equitable tolling applies, the Petition is time-barred.

## C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller v. New Jersey Dept. of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following [*9] circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; *see also* Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

In this case, Petitioner appears to argue that trial counsel impeded his ability to obtain trial transcripts, which, in turn, prevented him from filing the Petition in a timely manner. Alternatively, Petitioner contends that the Superior Court stayed the AEDPA's one-year limitations period, and therefore, this Court should honor that stay and equitably toll the limitations period. (D.I. 3, Appendix A.) For the following reasons, the Court concludes that neither of these arguments warrant equitable tolling.

The Third Circuit has held that an attorney's ineffective assistance may warrant equitable tolling, but only if the attorney's conduct is sufficiently egregious and the petitioner exercised reasonable diligence in pursuing his claims. [*10] *See* Schlueter, 384 F.3d at 77. Here, Petitioner's conclusory and unsupported statement regarding counsel's alleged failure to help him obtain the trial transcripts does not appear to constitute the type of "egregious behavior" or malfeasance necessary to trigger equitable tolling. Nevertheless, regardless of counsel's actions, the Superior Court provided Petitioner with copies of the trial transcripts in March 2003, when there were approximately 6 months remaining in the AEDPA's limitations period. (D.I. 3, Del. Super. Ct. Crim, Dkt. at Item

46; D.I. 3, at 13.) That six month period gave Petitioner sufficient time to file a Rule 61 motion in the Superior Court which, in turn, would have statutorily tolled the AEDPA's limitations period under § 2244(d)(2). Petitioner, however, did not file his Rule 61 motion until September 2004, more than one year after he received the trial transcripts, and he does not assert any reason for that delay. Therefore, the Court concludes that the delay in receiving trial transcripts, even if somehow due to counsel's performance, does not trigger the equitable tolling doctrine because Petitioner did not exercise the requisite diligence in preserving his [*11] claims.

Additionally, Petitioner argues that the limitations should be equitably tolled because he believed the Superior Court granted his "Motion To Stay The One-Year Deadline Imposed By The Federal Habeas Corpus Act." (D.I. 25, at pp. 1-2, 5.) However, the Delaware Superior Court did not have jurisdiction to grant a motion to stay a federal limitations period governing a federal cause of action, and Petitioner's mistaken belief with respect to the Superior Court's authority does not warrant equitable tolling. *See* Del. Const. art. 4, §7 (jurisdiction of Superior Court); *LaCava v. Kyler,* 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder,* 2002 U.S. Dist. LEXIS 9204, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Moreover, the Superior Court clearly construed Petitioner's motion for a stay as an extension of time to file a Rule 61 motion, and denied that request. There is no indication [*12] that any court or party actively misled Petitioner with incorrect information regarding the proper forum for filing a motion for a stay, and this situation is not akin to one where the petitioner "timely asserted his rights in the wrong forum." [4] Thus, the Court concludes that Petitioner's specious argument fails to warrant equitable tolling. Accordingly, the Court will dismiss the Petition as time-barred.

---

[4] In February 2003, Petitioner had not yet filed a federal habeas petition, and he also had not yet exhausted state remedies. Therefore, even if Petitioner had filed a motion to stay the limitations period in this Court in February 2003, the request to stay the limitations period would have been premature.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or [*13] wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate Order will be entered.

## *ORDER*

At Wilmington, this 17 day of September, 2007, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Devearl L. Bacon's Application For A Writ Of Habeas Corpus [*14] Pursuant To 28 U.S.C. § 2254 (D.I. 2.) is *DISMISSED,* and the relief requested therein is *DENIED.*

2. The Court declines to issue a certificate of appealability, because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2008, I electronically filed the attached

documents with the Clerk of Court using CM/ECF. I also hereby certify that on July 11,

2008, I have mailed by United States Postal Service, the same documents to the following

non-registered participant:

> Braheem Poteat
> No. 376102
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

> /s/Kevin M. Carroll
> Deputy Attorney General
> Department of Justice
> 820 N. French Street
> Wilmington, DE 19801
> (302) 577-8500
> Del. Bar. ID No. 4836
> Kevin.Carroll@state.de.us

Date:  July 11, 2008