## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

BRAHEEM POTEAT,                          )
                                         )
                Petitioner,              )
v.                                       )          Civil Action No. 07-639-GMS
                                         )
PERRY PHELPS, Warden,[1] and             )
ATTORNEY GENERAL OF THE                  )
STATE OF DELAWARE,                       )
                                         )
                Respondents.             )

_____

Braheem Poteat. *Pro se* petitioner.

Kevin M. Carroll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

_____

## MEMORANDUM OPINION

July 6 , 2010
Wilmington, Delaware

_____

[1]Warden Perry Phelps replaced former Warden Thomas Carroll, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Braheem Poteat ("Poteat"). (D.I. 1.) For the reasons discussed, the court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In April 2003, a Delaware Superior Court jury convicted Poteat of trafficking in cocaine, resisting arrest, and possession of cocaine. The Superior Court sentenced Poteat to a total of four years of incarceration, suspended after three years for probation. On December 19, 2003, the Delaware Supreme Court affirmed Poteat's convictions and sentences. *Poteat v. State*, 842 A.2d 647 (Del. 2003).

On December 6, 2004, Poteat filed a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on March 11, 2005. *State v. Poteat*, 2005 WL 914472 (Del. Super. Ct. Mar. 11, 2005). Poteat appealed, and the Delaware Supreme Court affirmed the Superior Court's denial of his Rule 61 motion on August 14, 2007. *Poteat v. State*, 931 A.2d 437 (Table), 2007 WL 2309983 (Del. Aug. 14, 2007).

Poteat filed his federal habeas petition in 2007. (D.I. 1.) The State filed an answer, arguing that the petition should be dismissed as time-barred, and alternatively, as meritless. (D.I. 15.)

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

1

"to reduce delays in the execution of state and federal criminal sentences . . . and to further the

principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206

(2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may

consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas

petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are

given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see*

*Woodford,* 538 U.S. at 206.

## B. One-year Limitations Period

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by

state prisoners, which begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in
violation of the Constitution or laws of the United States is removed, if the applicant was
prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have
been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is subject to statutory and equitable tolling. See

28 U.S.C. 2244(d)(2)(statutory tolling); *Holland v. Florida*, - S.Ct. -, 2010 WL 2346549 (June

14, 2010)(equitable tolling).

2

## C. Standard of Review

If a state's highest court adjudicated the federal habeas claim on the merits, the court can

only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250

F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of

28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its

substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115

(3d Cir. 2009).

When reviewing a § 2254 petition, a federal court must presume the state court's

determinations of factual issues are correct, unless the petitioner presents clear and convincing

evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341

(2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues,

whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This

presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v.

Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## III. DISCUSSION

Poteat asserts two grounds for habeas relief: (1) his defense counsel provided ineffective

assistance by failing to file a motion to suppress after being advised to do so; and (2) defense

counsel provided ineffective assistance by failing to object to his wearing prison garb in court.

3

The State asks the court to dismiss the petition as time-barred, and alternatively, as meritless. (D.I. 15.)

To begin, the court concludes that the petition is not time-barred. When computing the date on which Poteat's conviction became final, the State failed to include the 90-period for seeking certiorari review in the United States Supreme Court. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). Consequently, Poteat's conviction became final on March 7, 2004, not December 8, 2003, and the one-year limitations period started to run on March 8, 2004. After taking into account the statutory tolling effectuated by Poteat's properly filed Rule 61 motion, the court concludes that Poteat filed his petition with 25 days remaining in the limitations period. Consequently, the petition is timely filed.

In turn, the record reveals that the Delaware Supreme Court denied the instant two ineffective assistance of counsel claims as meritless. Therefore, the court can only grant habeas relief if the Delaware Supreme Court's decision was either contrary to, or involved an unreasonable application of, clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1).

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability

4

is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Here, the Delaware Supreme Court analyzed Poteat's two ineffective assistance of counsel claims within the *Strickland* framework. Thus, the Delaware Supreme Court's denial of the claims was not contrary to *Strickland*. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

Furthermore, after reviewing the record, the court concludes that the Delaware Supreme Court's decision did not constitute an unreasonable application of *Strickland*. Poteat's first argument is that defense counsel improperly failed to move to suppress the cocaine. In order to establish actual prejudice stemming from counsel's failure, Poteat must demonstrate that his underlying "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1985). Poteat, however, cannot satisfy this standard. As explained by the Supreme Court, "the normal Fourth Amendment rule is that items discovered in plain view are admissible if the officers were legitimately on the premises." *Georgia v. Randolph*, 547 U.S. 103, 137 (2006). The Delaware Supreme Court in Poteat's case found that the cocaine

5

Poteat sought to suppress was actually in the police officers' plain view:

> the record reflects that police officers were on routine patrol when they noticed Poteat and
> two other men standing on the street corner. One of the officers previously had warned
> Poteat not to loiter in the area and issued him a ticket. As the officers approached, Poteat
> attempted to flag down a passing car without success. During a pat-down for weapons,
> Poteat placed a cup he was holding on the curb. As one of the men sat down on the curb,
> he knocked the cup over, and several bags of crack cocaine spilled out. Poteat attempted
> to flee but was subdued by the police and placed by arrest. Under these circumstances, it
> was reasonable for Poteat's counsel to conclude that a motion to suppress would not be
> successful because Poteat's behavior led to a reasonable suspicion that he might have a
> weapon and the cocaine unintentionally ended up in plain view on a public street.

*Poteat*, 2007 WL 2309983, at *1.

Poteat has not provided any clear and convincing evidence to rebut the Delaware

Supreme Court's factual finding that the cocaine was in the police officer's plain view.

Accepting that finding as correct, the court concludes that it was reasonable for counsel to

determine that there was no basis for filing a motion to suppress. In turn, Poteat was not

prejudiced by counsel's failure to file a meritless suppression motion. Thus, the court concludes

that the Delaware Supreme Court's denial of Poteat's first claim does not warrant relief under §

2254(d).

Poteat's second contention is that defense counsel should have objected to his wearing a

prison uniform during the trial. Citing *Estelle v. Williams*, 425 U.S. 501 (1976), the Delaware

Supreme Court determined that Poteat failed to establish prejudice under *Strickland* because

Poteat was not forced to appear at trial in prison clothing and there was no evidence in the record

that his appearance in prison clothing prejudiced him.

In *Estelle*, the Supreme Court held that compelling a criminal defendant to appear at trial

wearing prison clothing violates the defendant's right to a fair trial and impairs the presumption

of innocence. *Id.* at 503-05. However, "the failure to make an objection to the court as to being

6

tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id.* at 512. The Supreme Court explained the "reason for this judicial focus upon compulsion" on the fact that "instances frequently arise where a defendant prefers to stand trial before his peers in prison garments." *Id.* at 508. The Supreme Court also noted that "it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury." *Id.*

In this proceeding, Poteat does not allege, and the record does not reflect, that he objected to appearing in prison clothing at any time. The record also does not suggest that he asked counsel to raise an objection on his behalf. Moreover, even if counsel improperly "permitted" Poteat to appear in prison clothing, Poteat has failed to establish prejudice under *Strickland* because he has not demonstrated a reasonable likelihood of a more favorable outcome if he had been wearing street clothing. In fact, as noted by the Delaware Supreme Court, the jury found Poteat not guilty of one of the charges against him, and also found him guilty of a lesser-included charge. *Poteat*, 2007 WL 2309983, at \*2. Accordingly, the court concludes that the Delaware Supreme Court reasonably applied *Estelle* and *Strickland* in denying claim two.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that Poteat's petition does not warrant federal habeas relief.

Reasonable jurists would not find this conclusion to be debatable. Consequently, the court

declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Poteat's petition for habeas relief pursuant to 28 U.S.C. § 2254 is

denied. An appropriate order shall issue.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

BRAHEEM POTEAT,                        )
                                       )
            Petitioner,                )
v.                                     )          Civil Action No. 07-639-GMS
                                       )
PERRY PHELPS, Warden, and              )
ATTORNEY GENERAL OF THE                )
STATE OF DELAWARE,                     )
                                       )
            Respondents.               )

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Petitioner Braheem Poteat's petition for the writ of habeas corpus filed pursuant to

28 U.S.C § 2254 is **DISMISSED**, and the relief requested therein is **DENIED**.  (D.I. 1.)

2. The court declines to issue a certificate of appealability due to Poteat's failure to

satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated:   July 6   , 2010

CHIEF, UNITED STATES DISTRICT JUDGE